IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA CASTON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-457-E-BK |
| | § | |
| MCAFEE LLC, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Doc. 16. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On February 24, 2025, Pamela Caston filed an application to vacate arbitration award against McAfee LLC, her former employer. Doc. 3. In her amended application (the controlling complaint), Caston asserts the arbitration award should be vacated because (1) the arbitrator had previously worked with Defendant's counsel, giving an appearance of bias, (2) the arbitrator disregarded relevant testimony and rushed the decision-making process, and (3) Defendant's counsel engaged in improper conduct during Plaintiff's deposition. Doc. 18 at 1-2. Caston requests that the arbitration award be vacated and that the dispute be remanded for a new arbitration hearing. Doc. 18 at 2.

In her answers to the Magistrate Judge's Questionnaire (MJQ Response), Caston pleads diversity jurisdiction. Doc. 15 at 1. She alleges McAfee LLC is incorporated in Delaware and has its principal place of business in California. Doc. 15 at 1. Caston does not identify, however, the members of the LLC or their citizenship. Doc. 15 at 1 (stating that the members of McAfee LLC "are unknown due to the company being privately held"). In the alternative, Caston pleads federal question jurisdiction, stating that this action "involves claims arising under the Federal Arbitration Act and Title VII of the civil Rights Act[.]" Doc. 15 at 1.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. The *Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the

burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, the Court lacks jurisdiction over this action.

Although sections 9 and 10 of the Federal Arbitration Act ("FAA") permit parties to file applications to confirm or vacate arbitration awards in federal court, those provisions do not confer subject matter jurisdiction. *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). Instead, the applicant must plead an "independent jurisdictional basis"—diversity or federal question jurisdiction—on the face of the application to enable the federal court to hear the dispute. *Id.* at 4, 9. "If the applicant cannot, the action belongs in state court[,]" which has "a prominent role to play as enforcer[] of agreements to arbitrate." *Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749, 753 (5th Cir. 2024) (cleaned up and citation omitted), *cert. denied*, No. 24-476, 2024 WL 4874691 (U.S. Nov. 25, 2024). Further, in determining whether an "independent jurisdictional basis" exists to review an application to confirm or vacate an arbitration award, federal courts may not "look through" the application to the underlying substantive controversy to find a basis for federal jurisdiction. *Badgerow*, 596 U.S. at 5-6.

    a. *Diversity Jurisdiction*

Caston fails to sufficiently plead facts establishing subject-matter jurisdiction on the basis of diversity. Doc. 15 at 1. "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). A

party asserting diversity jurisdiction must also "distinctly and affirmatively" allege the parties' citizenship. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted). Further, the citizenship of an LLC is not determined by its principal place of business, but by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Caston neither identifies the members of McAfee LLC nor allege facts that would establish their citizenship. Doc. 15 at 1. *See I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal District*, 82 F.4th 402, 408-09 (5th Cir. 2023) ("When LLCs are involved, the party invoking jurisdiction must 'specifically allege the citizenship of every member of every LLC . . . involved in [the] litigation.'" (citation omitted)). That Caston cannot locate the members of the LLC because the company is privately held does not relieve her of the burden of establishing that diversity jurisdiction exists. Doc. 15 at 1. Simply stated, without sufficient facts alleging the citizenship of all parties, the Court cannot exercise diversity jurisdiction.

    b. *Federal Question Jurisdiction*

Likewise, Caston cannot plead an independent basis for federal question jurisdiction. In her MJQ response, Caston relies on the FAA and her underlying Title VII claims. Doc. 15 at 1. Neither suffices. The FAA's "authorization of a petition [to modify, confirm, or vacate an arbitration award] does not itself create jurisdiction" and this Court may not "look through" the application to the underlying Title VII action to find a basis for federal question jurisdiction. *Badgerow*, 596 U.S. at 4, 9, 11-12; *see also Ascension Data*, 105 F.4th at 754 (affirming dismissal of application to vacate an arbitration award for lack of jurisdiction because "[t]he only

dispute properly before the district court was the enforceability of the arbitral award" and the plaintiff had not alleged an independent basis for subject matter jurisdiction).

Without an independent basis for subject matter jurisdiction, Caston cannot litigate issues underpinning the unfavorable arbitration award in federal court. Consequently, the Court lacks jurisdiction over her amended application to vacate the arbitration award.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). The facts as alleged in Caston's application establish a lack of subject matter jurisdiction in this Court. In addition, the Court has already permitted Caston to amend her application to vacate arbitration award by her answers to the magistrate judge's questionnaire and she also filed an amended application. Doc. 15; Doc. 18. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on March 28, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).